IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:11-CR-147 |
| | § | |
| JUSTIN ROBERT GONZALES | § | |

REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 8, 2013, alleging that the Defendant, Justin Robert Gonzales, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on September 7, 2012, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of conspiracy to pass counterfeit obligations or securities, a class D felony. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of II, was 15 to 21 months. The Defendant was sentenced to 15 months' imprisonment, followed by 2 years of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure; drug after care; mental health aftercare; obtain his GED; and $100 special assessment.

## II. The Period of Supervision

On September 22, 2012, the Defendant completed his term of imprisonment and began service of the supervision term. On July 12, 2013, the Defendant's conditions were modified to include 180 days placement in a Community Corrections Center.

## III. The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision in this District on October 8, 2013, alleging the following violations: 1) the Defendant submitted a diluted urine specimen on April 16, 2013 and failed to report and submit specimens on April 19, 2013 and May 10, 2013 in violation of his mandatory condition that refrain from any unlawful use of a controlled substance; 2) the Defendant failed to report to the Texas Western U.S. Probation Office on May 10, 2013 as instructed in violation of his standard condition that he follow his probation officer's directions; 3) the Defendant failed to report to the Bannum Place of Beaumont on September 12, 2013 and October 8, 2013 as instructed in violation of his special conditions that he reside in community confinement until successfully discharged; 4) the Defendant submitted a positive urine specimen for marijuana on April 22, 2013 in violation of his standard condition that he refrain from the use of any narcotic or other controlled substance; and 5) the Defendant failed to pay his $100 special assessment in violation of his standard condition requiring him to pay such amount.

## IV. Proceedings

On September 15, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first allegation that he violated a mandatory condition of supervised release, to wit: the Defendant shall refrain from any unlawful use of a controlled substance.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment (which includes the Defendant's 180 days of unserved community confinement) with no supervised release upon release from imprisonment. The undersigned also recommends the Texas Department of Corrections be designated as the facility to serve this sentence.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class D felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to refrain from the unlawful use of a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. §

7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of a revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant was ordered to complete 180 days in community confinement and failed to complete any of such time. Therefore, the 180 days of unserved time are converted to an equivalent period of imprisonment and included in the Defendant's six month sentence of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the

       2.     Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

       3.     Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

       4.     Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

       5.     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to refrain from any unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a) and based upon his admission that he used marijuana while on supervised release, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is II. Policy guidelines suggest 4 to 10 months' imprisonment. The Defendant did not comply with the conditions of his supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of six months' imprisonment (which includes his 180 days of unserved

community confinement) with no supervised release to follow. To the extent this could be viewed as a variance from the Guidelines because no additional sentence of imprisonment is imposed (taking into account the unserved period of 180 days of community confinement, which is being converted to a sentence of imprisonment), the undersigned finds as justification for the variance that: 1) the Defendant and the Government agreed upon this sentence; 2) the Defendant has been on supervised release since September 2012 and it was due to expire soon; 3) converting community confinement to imprisonment is a harsher sanction than the original community confinement ordered; 4) the Defendant's violations were not severe; 5) the Defendant's probation officer reported that he was doing well and was turning his life around; and 6) the Defendant admitted to using marijuana and has accepted responsibility for his infractions.

## VII. Recommendations

1. The court should find that the Defendant violated a mandatory condition of supervised release by failing to refrain from the use of a controlled substance.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should receive a sentence of six months' imprisonment (which includes 180 days of unserved community confinement) with no supervised release to follow.

4. The undersigned also recommends the Texas Department of Corrections be designated as the facility for the Defendant to serve this sentence.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as

recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 22nd day of September, 2014.

_____
Zack Hawthorn
United States Magistrate Judge